AO 245B (Rev. 12/03) Judgment in a Criminal Case
NCED Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of North Carolina

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| Diane W. Pace | Case Number: 5:05-CR-44-4BO |
| | USM Number: 24974-056 |
| | David Bruce Freedman |
| | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☒ was found guilty on count(s)   1 through 7 and 9 of the Superseding Indictment
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Mail Fraud and Wire Fraud. | 2/2000 and 6/2001 | 1 |
| 18 U.S.C. §§ 1341 and 2 | Mail Fraud and Aiding and Abetting. | 5/3/2000 th 11/20/2000 | 2 th 7 |
| 18 U.S.C. § 1956(h) | Conspiracy to Commit Money Laundering | 3/2000 to 3/2001 | 9 |

The defendant is sentenced as provided in pages 2 through   9   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ The defendant has been found not guilty on count(s)   8

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Sentencing Location:
Raleigh, NC

12/1/2010
Date of Imposition of Judgment

*/s/ Terrence W. Boyle*
Signature of Judge

Terrence W. Boyle, U.S. District Judge
Name and Title of Judge

12/1/2010
Date

DEFENDANT: Diane W. Pace
CASE NUMBER: 5:05-CR-44-4BO

# PROBATION

The defendant is hereby sentenced to probation for a term of :

4 years per count - concurrent.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer.
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4. The defendant shall support the defendant's dependents and meet other family responsibilities.
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6. The defendant shall notify the probation officer at least then (10) days prior to any change of residence or employment.
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8. The defendant shall not frequent places where controlled substances are illegally sold, used distributed, or administered, or other places specified by the court.
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11. The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Diane W. Pace
CASE NUMBER: 5:05-CR-44-4BO

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation office.

The defendant shall provide the probation office with access to any requested financial information.

The defendant shall abide by all conditions and terms of the home confinement program for a period of 6 months, WITHOUT electronic monitoring, as specified by the probation office.

The defendant shall perform 200 hours of community service during Probation as directed by the probation office and if referred for placement and monitoring by the State of North Carolina, pay the required $200.00 fee.

DEFENDANT: Diane W. Pace
CASE NUMBER: 5:05-CR-44-4BO

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 800.00 | $ | $ 14,349,820.14 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| See attached list | | $14,349,820.14 | |
| **TOTALS** | $0.00 | $14,349,820.14 | |

☐☐ Restitution amount ordered pursuant to plea agreement $ _____

☐☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine  ☑ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Diane W. Pace
CASE NUMBER: 5:05-CR-44-4BO

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

  Payment of the special assessment shall be due immediately.
  Payment of restitution shall be due and payable in full immediately. If the defendant is unable to pay in full immediately, the Court, orders that the probation officer shall take into consideration the defendant's ability to pay the restitution ordered and shall submit a payment schedule to the Court for final approval.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

  | Stanley H. Van Etten | 5:05-CR-44-1BO | $14,349,820.14 |
  | Tom D. Eilers | 5:05-CR-44-3BO | $14,349,820.14 |
  | Brent E. Wood | 5:05-CR-44-2BO | $ 5,592,578.00 |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

| SOURCE OF FUNDS | Investor |
|---|---:|
| Barry Ackel | $70,000.00 |
| Acme Holdings | $80,000.00 |
| Albert E Amorteguy, MD | $75,000.00 |
| Longmont Capital Ltd Anan Anabtawi | $2,000,000.00 |
| Architectural Craftsmen-9057 | $50,000.00 |
| Wendy Bisbey Gary Bisbey | $55,000.00 |
| William A Blackman | $5,000.00 |
| Tony Boos | $10,000.00 |
| Bobby W Bristow | $25,000.00 |
| John Broomfield and Sally Frances Fountain | $95,000.00 |
| Yolanda E Brown | $12,000.00 |
| George S Bruce III Trustee | $100,000.00 |
| Mary Ann Bryan | $10,000.00 |
| Saralyn Burchfield | $7,500.00 |
| Frank or Carolyn Burnett | $65,000.00 |
| James Palmer Cain | $10,000.00 |
| Brian Camper | $33,000.00 |
| Albert Can | $70,000.00 |
| Isa Can | $35,000.00 |
| Sabri Can Anayis Can | $35,000.00 |
| Suleyman Can | $70,000.00 |
| Paul C Carroll Darron P Carroll | $100,000.00 |
| S Brian Catlin | $10,000.00 |
| Thomas Catlin | $35,000.00 |
| James C Chandler | $10,000.00 |
| Lois Coonc | $50,000.00 |
| Joel Craft | $15,000.00 |
| Charles P Curcio | $250,000.00 |
| John T Daniell | $75,000.00 |
| Sara J Daniell | $5,000.00 |
| Steve Daniell | $26,000.00 |
| Kay Wood Disman | $100,000.00 |
| Don Drive Interiors | $200,000.00 |
| John Darron Drake | $13,000.00 |
| William H Dwyer III | $195,000.00 |
| James Timothy Eady | $25,000.00 |
| Randy A Ferguson | $30,000.00 |
| Jerry W Freeman Sr | $250,000.00 |
| Ronald E Frost DDS | $50,000.00 |
| Suzanne Garrison | $1,000.00 |
| Eric J Geoffroy | $15,000.00 |

1

| | |
|---|---:|
| Stanley A Gile DDS | $20,000.00 |
| Carolyn S Gilley | $60,000.00 |
| Dave Olson Glasgow | $10,000.00 |
| Roma H Glash | $40,000.00 |
| James H Gregory Jr | $50,000.00 |
| Leisure Time Rentals - William Griffin | $10,000.00 |
| Hamby Textile Research Laboratories | $250,000.00 |
| Howard J Hammond Box | $15,000.00 |
| Michael D Hammond | $20,000.00 |
| Frank Hart | $350,000.00 |
| Elwood W Herzog III Cyndi R Herzog | $5,000.00 |
| Kathy J Holt or Dave Holt | $15,000.00 |
| Ronald Hopson | $40,000.00 |
| Urology Treatment Centers Inc c/o Patrick T Hunter II MD | $75,000.00 |
| Patrick J Hutton - Preferred Advisors Group | $231,500.00 |
| Imaged Products Corp | $10,000.00 |
| J Blakeney Jackson Jr | $10,000.00 |
| Michael R. Jacob | $45,000.00 |
| Pamela A Johnson | $80,000.00 |
| Daryle Lee Johnson Jr | $10,000.00 |
| Dennis Jones | $25,000.00 |
| Doug Jones | $10,000.00 |
| Doug Jones III | $22,000.00 |
| Jon D Jones | $19,000.00 |
| Ronnie H Jordan | $45,000.00 |
| Edward S. Kahn | $100,000.00 |
| R Mark Karnes | $35,000.00 |
| Jonathan Kaye | $45,000.00 |
| Christopher A Kennedy TTee Rev Liv Trust | $35,000.00 |
| Robert Gene Kirk | $20,000.00 |
| Rob R. Knight | $40,000.00 |
| Norman & Doris Kornfeld | $161,000.00 |
| Linda K Lambert | $25,000.00 |
| Leroy Investments (A & A Western Store - Lisa Smith) | $320,000.00 |
| Jeffrey A. Levine | $100,000.00 |
| Matthew Long | $4,000.00 |
| Dan Madlung | $130,000.00 |
| Jeff Majewski | $310,000.00 |
| Mohannad S Malas and Rana Malas - Family Trust | $1,229,975.00 |
| Robert H Mason | $25,000.00 |

| | |
|---|---|
| Robert L and Cameron Masson | $10,000.00 |
| Rhudy L Maxwell | $40,000.00 |
| Dennis McBride | $300,000.00 |
| Sherilyn McClain | $35,000.00 |
| McCoy Roberts Begnaud & Friedman | $100,000.00 |
| David F & Ada M McKee | $50,000.00 |
| Glen D Merritt | $50,000.00 |
| John K Micuda & Marilouise Micuda | $25,000.00 |
| Kenneth A and Renee C Miller | $40,000.00 |
| Norbert L Ming MD or Patricia Ming | $100,000.00 |
| Guy W Mueller Linda S Mueller | $20,000.00 |
| Wm. J. Murdock & James Murdock | $60,000.00 |
| David E Niederkrome | $25,000.00 |
| Cynthia Norwood | $20,000.00 |
| David Olson | $30,000.00 |
| Greg or Jenny Oxarart | $14,000.00 |
| Paul Page | $25,000.00 |
| Anthony R Paige | $50,000.00 |
| Brad Parker | $50,000.00 |
| Charlotte Pound | $20,000.00 |
| Rodney Rice (Pro Buttons) | $125,000.00 |
| LL Roberts Family Investment Partnership | $500,000.00 |
| Sheri Rollins Rush Ventures (Debbie Santers) | $10,000.00 |
| Fannie L Ross | $10,000.00 |
| RRVC Management Company | $20,000.00 |
| William Ryder MD | $285,000.00 |
| Karen W Saunders | $30,000.00 |
| Harold T Selby | $20,000.00 |
| Kurt W Semner | $15,000.00 |
| Michael R Sharps and Lan Vinh Sharps | $80,000.00 |
| Dr E Frank Shavender | $10,000.00 |
| Jeff Sheehan | $756,144.95 |
| Walter Siemian MD or Colleen A Siemian | $85,000.00 |
| Thomas Siems | $5,000.00 |
| Simmons & Derr Attorneys | $100,000.00 |
| Dan Simonson | $150,000.00 |
| Lynn Simonson | $132,500.00 |
| Leroy Simonson | $100,000.00 |
| Matt Simonson | $15,000.00 |
| Roger Simonson | $50,000.00 |
| Phyllis Skinner | $15,000.00 |
| Rayburn & Emily Smith | $10,000.00 |
| Charles Rodney Smith | $15,000.00 |
| Virginia S Snell | $10,000.00 |
| Jeffrey S Snell | $50,000.00 |
| Joe Spoon | $20,000.00 |

3

| | |
|---|---|
| Rebecca Strickland | $43,000.00 |
| C David Stroud or Kathryn D Stroud | $10,000.00 |
| Alan Sturn | $200,000.00 |
| Warren G Underwood | $10,000.00 |
| P W Underwood | $25,000.00 |
| Unknown | $25,200.00 |
| Stan Van Etten | $45,000.00 |
| Aubrey or Brent Vincent | $40,000.00 |
| Brian D Waite | $10,000.00 |
| James D Webb | $50,000.00 |
| Richard Webb Jr | $100,000.00 |
| Danny & Sue Wells | $29,000.19 |
| Joan A Wells | $10,000.00 |
| Nick Westlund | $300,000.00 |
| WHD LP | $1,000,000.00 |
| Carl Whirley | $10,000.00 |
| Lois Z Wiggins Rey E Wiggins TTee U/A DTD | $300,000.00 |
| William W Wilkins Jr | $25,000.00 |
| Ron Williams | $20,000.00 |
| | - |
| | - |
| Total Invested $15,237,022.62 | $14,349,820.14 |

4